

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 11, 1972

Honorable James S. Bates, Chairman
Legislative Property Tax Committee
105 West Riverside Drive
Austin, Texas 78704

Opinion No. M-1066

Re: Construction of Senate
Bill 414, Acts 62nd Leg.,
R.S., 1971, Ch. 221, p.
1063, codified in Vernon's
as Article 7100.

Dear Senator Bates:

Your request for an opinion reads in part as follows:

". . .

"The Comptroller's office has questioned
whether the Committee is authorized to employ
attorneys and to purchase or rent a law library
to be used by the Committee's staff in doing the
codification research. As we understand it, the
objection is based on provisions of Article V,
Section 47, of the General Appropriation Act
passed by the 62nd Legislature in 1971, which
require approval of the Attorney General for em-
ployment of attorneys and purchase of law books.

". . .

"We do not believe that the Legislative
Property Tax Committee is subject to limitations
imposed on appropriations made in the General Ap-
propriation Act. Please advise whether this is
correct. Thank you."

Senate Bill 414, Acts 62nd Legislature, R.S. 1971, Ch. 221,
p. 1063, amends Article 7100, Revised Civil Statutes of Texas, 1925.
Section 1 of Article 7100, as amended, creates the Legislative Property
Tax Committee. Section 4 provides:

"Sec. 4. In addition to the fees authorized
by Article 7331, Revised Civil Statutes of Texas,

1925, as amended, each County Tax Assessor-Collector shall collect and remit to the Comptroller, as directed, a special fee of One Dollar ($1) for each delinquent tax receipt, redemption certificate, judgment receipt, or any of them, processed by the County Tax Office, and also for each receipt issued for taxes paid under provisions of Articles 7207, 7208, 7209 and 7346 through 7349, inclusive, of the Revised Civil Statutes of Texas, 1925, or any of them, the proceeds of this additional fee to be deposited in the State Treasury as a special fund for the use of the Property Tax Committee herein created.

"The payment of this additional fee shall be a condition precedent to the valid issuance of each such receipt or certificate, and the collection and handling of this special fee shall be as directed by the comptroller, with remittances to be made monthly or more frequently as directed. All moneys deposited in this special fund shall be and the same are hereby appropriated to the use of the Property Tax Committee in carrying out the tasks assigned under this Act, the funds thus appropriated to be disbursed upon written orders of the Committee, with an annual accounting by the Committee to be filed with the State Auditor. This appropriation is made for a two-year period beginning June 1, 1971, and shall be renewed automatically for an additional two-year period beginning June 1, 1973, unless the 63rd Legislature shall direct otherwise." (Emphasis added).

Section 6 of Article VIII of the Constitution of Texas specifically provides that no appropriation of money shall be made for a longer term than two years. Therefore, the appropriation contained in the underlined portion of Section 4 of Article 7100, Vernon's Civil Statutes, above quoted, will expire two years from the effective date of Senate Bill 414.

The appropriation contained in Section 4 of the special fund is appropriated "to the use of the Property Tax Committee in carrying

out the tasks assigned under this Act."   Such appropriated funds are to be disbursed "upon written orders of the Committee."

It is our opinion that the appropriation contained in Section 4 above quoted is a special appropriation of a special fund in the Treasury and the riders to the General Appropriations Bill for the current fiscal year are not applicable to this appropriation. The pre-existing law for this appropriation is Article 7100, Vernon's Civil Statutes, as amended by Senate Bill 414.

Section 2 of Article 7100, Vernon's Civil Statutes, provides in part:

> ". . .

> "(b)  To make a comprehensive study of the ad valorem tax laws of Texas, past and present, found in constitutional provisions, statutes, charters, ordinances, Rules of Civil Procedure, court decisions, opinions of the Attorney General and orders and regulations of the Comptroller and to prepare and submit to the Legislature and the Supreme Court of Texas a Property Tax Code of laws which shall be uniform as to all Tax Units in the State insofar as possible.

> ". . .

> "(f)  The Committee shall have power and authority to expend its funds, hereinafter provided, to employ and compensate all necessary consultants, investigators and other personnel, to contract for materials and services as required and to pay travel, telephone and other official expenses approved by the Committee."

In view of the above quoted provisions and in view of the fact that a lump sum appropriation was made to the Committee for the purpose of carrying out the tasks assigned the Committee, it is our opinion that the Committee is authorized to employ attorneys and to

S U M M A R Y

Article 7100, Vernon's Civil Statutes, as amended by Senate Bill 414, Acts 62nd Legislature, R.S. 1971, Ch. 221, page 1063, authorizes the Legislative Property Tax Committee to employ attorneys and to purchase or rent a law library to be used by the Committee's staff in doing codification research.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Malcolm Quick
Max Hamilton
Rex White
Marietta Payne

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant